UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON ZAROUR,<br><br>                              Plaintiff,<br>             -against-<br><br>J.P. MORGAN CHASE BANK; JOHN DOE 1,2,3,4,5,6,7,<br><br>                              Defendants. | 21-CV-3566 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this new civil action challenging decisions rendered in his bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). For the reasons set forth in this order, the Court refers the action to the Bankruptcy Court.[1]

## DISCUSSION

Plaintiff filed this civil action challenging orders issued by the Bankruptcy Court. *See In re Zarour*, No. 18-22380 (Bankr. S.D.N.Y. Feb. 25, 2021). In the bankruptcy proceeding, the Bankruptcy Court had (1) exercised jurisdiction over the matter under 28 U.S.C. §§ 157(a)-(b) and 1334(b), (2) noted that the proceeding was "a core proceeding" under 28 U.S.C. § 157(b)(2), and (3) dismissed the petition. *Id.* (ECF 164, at 1). Plaintiff appealed the dismissal but then moved to withdraw the appeal, stating that he wished to file an adversary complaint in the district court. *In re: Simon Zarour*, ECF 7:21-CV-6967, 21 (S.D.N.Y. Dec. 10, 2021). Judge Vincent L. Briccetti of this court, who was assigned to the bankruptcy appeal, granted Plaintiff's request, without offering an opinion as to whether Plaintiff could file any such pleading or

---

[1] By order dated January 10, 2022, the Court referred Plaintiff's other civil action filed in this court to the Bankruptcy Court. *See Zarour v. U.S. Bank, N.A.*, ECF 1:21-CV-2928, 11 (S.D.N.Y. Jan. 10, 2022).

proceed in this court. ECF 7:21-CV-6967, 25.

Plaintiff now seeks relief in this court concerning Defendant's representations in Plaintiff's bankruptcy proceeding. He states that the

> complaint is about fraudulent documents Defendant JPMorgan Chase proffered to the previous Federal Bankruptcy Court in which Defendant JPMorgan Chase defrauded the bankruptcy court and falsely certified these documents. The [Bankruptcy] Court relied upon these fraudulent documents in granting the lift stay motion which resulted in Plaintiff's property being sold unlawfully due to the fraud [Defendant] committed to the federal bankruptcy court.

(ECF 1-1, at 1.)

The complaint suggests that Plaintiff may be seeking reconsideration of the Bankruptcy Court's decision to deny his petition, as well as damages for alleged violations of the automatic stay in place prior to his petition being dismissed. Because Plaintiff may be able to seek such relief in Bankruptcy Court, the Court concludes that the action should be referred to the Bankruptcy Court under the general order of reference, as it is at least minimally related to Plaintiff's bankruptcy proceeding and concerns orders issued in that proceeding.

## CONCLUSION

The Clerk of Court is respectfully directed pursuant to this Court's standing order of reference and 28 U.S.C. section 157(a) to refer this action to the United States Bankruptcy Court for the Southern District of New York and close this action on the records of this Court. *See* In the Matter of: Standing Order of Reference Re: Title 11, Amended Standing Order of Reference, M10-468, ECF 1:12-MC-00032, 1 (S.D.N.Y. May 26, 2010).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to receive electronic service. (ECF 3.)

SO ORDERED.

Dated: February 7, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge